JUSTICE TRIEWEILER
dissenting.
¶37 I dissent from the majority’s conclusion that § 46-ll-503(l)(b), MCA and § 46-11-504(1) MCA (1991), do not bar the serial prosecution of Donald Franklin Booth, Jr., for his conduct which caused the collision in which he was involved on July 23,1997.1 conclude that serial prosecution of a defendant, under circumstances such as those present in this case, is exactly what these two statutes were intended to prohibit, and by their plain language do prohibit.
¶38 Section 46-ll-503(l)(b), MCA, provides that:
When two or more offenses are known to the prosecutor, are supported by probable cause, and are consummated prior to the origi *381 nal charge and jurisdiction and venue of the offenses he in a single court, a prosecution is barred if:
(b) the former prosecution resulted in a conviction that has not been set aside, reversed, or vacated ....
¶39 The majority does not disagree that the offense of driving under the influence of alcohol, and the alleged offense of negligent homicide, were both known to the prosecutor, and that probable cause existed for both charges prior to September 24,1996, the date on which Booth was charged in Justice Court with driving under the influence of alcohol. Nor does the majority disagree that the conduct which gave rise to both charges occurred prior to the Justice Court charge, or that the Justice Court charge resulted in a conviction which has not been set aside, reversed, or vacated.
¶40 The majority simply concludes that § 46-11-503, MCA, does not bar Booth’s prosecution for negligent homicide because jurisdiction and venue for the misdemeanor DUI offense and the felony homicide offense did not lie in a single court.
¶41 The majority acknowledges that § 3-5-302(2), MCA, gave the District Court concurrent original jurisdiction of a misdemeanor if it arose out of the same transaction as a felony charged in the District Court. However, the majority concludes that the District Court had no jurisdiction over this misdemeanor (driving under the influence of alcohol) because, based on the definition of “same transaction” found at § 46-1-202(22), MCA, the two charges did not arise out of the same transaction. However, what the majority overlooks is the introductory language to § 46-1-202, MCA, which provides that: “As used in this title, unless the context requires otherwise, the following definitions apply.” The term “same transaction,” with which we are concerned for purposes of applying § 46-11-503, MCA, is not used in Title 46 — it is used in Title 3. Furthermore, even though the term “same transaction” is found in Title 46 for purposes of applying § 46-11-504(1), MCA (1991), the context in which the term is used in that statute requires a definition other than the one relied on by the maj ority; otherwise, the purpose of the statute, which is to prohibit serial prosecutions for conduct arising out of the same incident, is defeated. The definitional statute fully anticipated this kind of problem when it provided that the definitions contained therein would not apply when “the context requires otherwise.”
*382 ¶42 In order to give effect to the obvious purpose of §§ -503 and -504, I would apply the definition of “same transaction” discussed in the double jeopardy context by the New Hampshire Supreme Court in State v. Gosselin (N.H. 1977), 370 A.2d 264, where that court stated that the “same transaction” test
requires the prosecution ‘to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction.’ Ashe v. Swenson, 397 U.S. 436, 453-54, 90 S.Ct. 1189, 1199,2 5 L.Ed.2d 469 (1970) (Brennan, J., concurring); Duncan v. Tennessee, 405 U.S. 127, 132, 92 S.Ct. 785,31 L.Ed.2d 86 (1972) (Brennan, J., dissenting).
Gosselin, 370 A.2d at 268. Although the New Hampshire Supreme Court did not apply the “same transaction” principle to double jeopardy issues, the language used in that decision to define “same transaction” should be applied to the enforcement of statutory laws, such as §§ -503 and -504, which are designed to prevent the serial prosecution of a person for two or more crimes arising out of the same occurrence. The majority’s definition of “same transaction,” as used in §§ -503 and -504, makes no sense, defeats the important purpose for which these statutes were enacted, and effectively amends the protections they afford out of existence.
¶43 For these reasons, I dissent from the majority opinion.
JUSTICE HUNT joins in the foregoing dissenting opinion.